UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>FAISIL MCCANTS, and<br>NASIR PARSONS,<br><br>Defendants. | **SUPERSEDING INDICTMENT**<br><br>S1 25 Cr.<br><br>**25 CRIM 417** |

## COUNT ONE
### (Hobbs Act Robbery)

The Grand Jury charges:

1. On or about August 27, 2025, in the Southern District of New York and elsewhere, FAISIL MCCANTS and NASIR PARSONS, the defendants, and others known and unknown, knowingly committed robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and thereby obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), and aided, abetted, counseled, commanded, induced, and procured the same, to wit, MCCANTS and PARSONS robbed a drug dealer of, among other things, marijuana in the vicinity of East 109th Street and Madison Avenue, New York, New York.

(Title 18, United States Code, Sections 1951 and 2.)

## COUNT TWO
### (Use, Carrying, and Possession of a Machinegun)

The Grand Jury further charges:

2. On or about August 27, 2025, in the Southern District of New York and elsewhere, FAISIL MCCANTS and NASIR PARSONS, the defendants, during and in relation to (1) a crime of violence for which they may be prosecuted in a court of the United States, namely, the robbery

charged in Count One of this Indictment, and (2) a drug trafficking crime for which they may be prosecuted in a court of the United States, namely, possession of marijuana with the intent to distribute it, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), knowingly used and carried a firearm, and in furtherance of such crimes, possessed a firearm—specifically, a machinegun that shot and was designed to shoot automatically more than one shot, without manual reloading, by a single function of the trigger—and aided and abetted the use, carrying and possession of a firearm, which was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), (iii) and (B)(ii) and 2.)

## FORFEITURE ALLEGATIONS

3. As a result of committing the offenses alleged in Counts One and Two of this Indictment, FAISIL MCCANTS and NASIR PARSONS, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 924(d)(1), and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense, and any and all firearms and ammunition involved in or used in said offenses.

### Substitute Assets Provision

4. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981 and 924(d);
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

FOREPERSON

JAY CLAYTON
United States Attorney